UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL D. BALL, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C07-0276RSM<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SANCTIONS |

This matter comes before the Court on defendants' Motion for Sanctions Against Plaintiff for Failure to Provide Initial Disclosures. (Dkt. #48). Defendants argue that sanctions in the form of attorney's fees are appropriate because plaintiff did not comply with a previous order from this Court, and has also failed to provide defendants with proper initial disclosures pursuant to Fed. R. Civ. P. 26(a). Plaintiff, appearing pro se, did not file a timely response.

Having reviewed defendants' motion, and the remainder of the record, the Court hereby finds and orders:

(1) Defendants' Motion for Sanctions Against Plaintiff for Failure to Provide Initial Disclosures (Dkt. #48) is GRANTED. As an initial matter, this Court addresses plaintiff's untimely response. Pursuant to Local Rule CR 7(d)(3), "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." Furthermore, pursuant to Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure

ORDER
PAGE - 1

may be considered by the court as an admission that the motion has merit." Here, defendants properly noted their motion for sanctions for Friday, December 14, 2007. Plaintiff filed his response to defendant's motion on Thursday, December 13, 2007, three days after it was due, and only one day before defendants' reply was due. As a result, plaintiff has not complied with his obligations under this Court's rules.

Nevertheless, plaintiff is not prejudiced by his untimely response because the Court finds that defendants' arguments have merit for the reasons set forth below. Pursuant to Fed. R. Civ. P. 37(b)(2), if a party fails to comply with a court order regarding discovery:

> the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

*Id.*

In addition, Fed. R. Civ. P. 37(c)(1) authorizes a court to "[require] payment of reasonable expenses, including attorney's fees, caused by the failure" of disclosing information pursuant to Fed. R. Civ. P. 26(a). *Id.* Therefore reasonable attorney's fees are justified if a party fails to comply with a court order regarding discovery, and if a party fails to comply with its initial disclosure obligations under Fed. R. Civ. P. 26(a).

Moreover, a trial court has wide discretion in fixing the reasonable value of legal services and its determination as to a reasonable fee will not be disturbed unless it constitutes an abuse of discretion. *See, e.g.*, *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (holding that "it is for the district court in the first instance to calculate an appropriate award of [attorneys'] fees"); *see also Weeks v. Southern Bell Tel. & Tel. Co.*, 467 F.2d 95, 97 (5th Cir. 1972) (finding that the determination of a reasonable attorneys' fee is left to the sound discretion of the trial judge). The rationale behind granting a trial court wide discretion is to restrict secondary or satellite litigation and to avoid "one of the least socially productive types of litigation imaginable." *See Hensley v. Eckerhart*, 461 U.S. 424, 442, 103 S.Ct. 1933 (1983) (Brennan, J., concurring in part and dissenting in part).

In this case, defendants filed a motion to compel on September 11, 2007. (Dkt. #11).

ORDER
PAGE - 2

1    Defendants argued that plaintiff did not provide proper initial disclosures pursuant to Fed. R.
2    Civ. P. 26(a)(1).  This Court agreed, and on October 18, 2007, it ordered plaintiff to comply
3    with its obligations under Fed. R. Civ. P. 26(a)(1) within thirty days. (Dkt. #23).  However,
4    based on the record before this Court, plaintiff did not comply with this Court's order.  In
5    fact, plaintiff concedes that he did not provide a fourth revision of initial disclosures that
6    satisfied this Court's order until December 5, 2007, well after the November 18, 2007
7    deadline imposed by the Court. (Dkt. #53 at 2).  Furthermore, plaintiff offers no justifiable
8    explanation for this delay.

9          The Court therefore finds that attorney's fees are justified because plaintiff (1)
10   disobeyed this Court's order, and (2) failed to comply with its obligations under Fed. R. Civ.
11   P. 26(a) to provide proper initial disclosures.  Specifically, the Court finds that the 6.8 hours
12   spent by defense counsel at a rate of $175 per hour for a total of $1,190 in bringing the instant
13   motion for sanctions is reasonable.  In addition, the Court finds that 12.6 hours spent at a rate
14   of $175 per hour for a total of $2,205 incurred by defense counsel in trying to ensure
15   plaintiff's compliance with its initial disclosure obligations is also reasonable.  Accordingly,
16   plaintiff is directed to pay a total of $3,395 to defense counsel <u>no later than thirty (30) days</u>
17   <u>from the date of this Order</u>.

18         (2)  The Clerk is directed to forward a copy of this Order to all counsel of record and
19   to pro se plaintiff at the following address: <u>40 Lake Bellevue, Suite 100, Bellevue, WA</u>
20   <u>98005</u>.

21         DATED this 3rd day of January, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3