UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL D. BALL, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C07-0276RSM<br><br>ORDER GRANTING IN PART DEFENDANT BALL'S MOTION TO ENJOIN PLAINTIFF'S STATE COURT ACTIONS |

## **I. INTRODUCTION**

This matter comes before the Court on "Defendant Ball's Motion to Enjoin Plaintiff's State Court Actions." (Dkt. #59). Defendant Michael Ball ("Mr. Ball") moves the Court, pursuant to the relitigation exception of the Anti-Injunction Act, to enter an Order staying two separate state court proceedings brought by Plaintiff Gregory Tift ("Mr. Tift") against Mr. Ball and Odie Carter ("Mr. Carter"). Mr. Ball also seeks an Order permanently enjoining Mr. Tift from pursuing claims against Mr. Ball and Mr. Carter in state court. Mr. Tift, appearing *pro se*, responds that this Court lacks subject matter jurisdiction to entertain the instant motion because Mr. Tift has filed an appeal of an underlying Order entered into by this Court granting Defendants' motion to dismiss.

For the reasons set forth below, "Defendant Ball's Motion to Enjoin Plaintiff's State Court Actions" is GRANTED IN PART.

MEMORANDUM ORDER
PAGE - 1

## II.  DISCUSSION

### A.  Background

On January 4, 2008, this Court dismissed Mr. Tift's claims against the Defendants in this action on the grounds that Mr. Tift's claims were barred by the doctrine of res judicata. (Dkt. #57).[1] Mr. Tift subsequently appealed this Court's decision to the Ninth Circuit on February 1, 2008. (Dkt. #62). Meanwhile, Mr. Tift had two separate state court cases pending against Mr. Ball, a defendant in this case, and Mr. Carter, who is not a defendant in this case.[2] Based on this Court's dismissal of Mr. Tift's claims, Mr. Ball now argues that the two state court cases should be stayed pursuant to the relitigation exception of the Anti-Injunction Act. In sum, Mr. Ball argues that this relief is necessary to protect this Court's dismissal of Mr. Tift's claims.

### B.  Mr. Tift's Untimely Response

As an initial matter, the Court once again addresses Mr. Tift's untimely response.[3] Pursuant to Local Rule CR 7(d)(3), "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." Furthermore, pursuant to Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Here, Defendant properly noted his motion for Friday, February 15, 2008, making Mr. Tift's response due on Monday, February

---

[1] The facts that gave rise to the motion to dismiss were previously discussed by the Court in its Order dismissing Mr. Tift's claims. Accordingly, the Court finds it unnecessary to repeat those facts in this Order.

[2] The two state court actions are styled: (1) *Tift v. Ball*, No. 06-2-39490-9 SEA filed in King County Superior Court; and (2) *Tift v. Carter*, No. 06-2-13304-6 SNO filed in Snohomish County Superior Court.

[3] Mr. Tift has previously failed to abide by this Court's rules on two different occasions. First, Mr. Tift failed to follow this Court's procedures regarding electronic filing. (Dkt. #41). Second, Mr. Tift filed an untimely response in opposition to Defendants' Motion for Sanctions. (Dkt. #56). While *pro se* plaintiffs are certainly given more liberty with this Court's rules than those represented by counsel, *pro se* plaintiffs are not free to completely disregard them, especially when they have been reminded of their obligations to do so.

MEMORANDUM ORDER
PAGE - 2

1  11, 2008.  However, Mr. Tift filed his response on Tuesday, February 12, 2008.  As a result,
2  Mr. Tift has yet again failed to comply with this Court's rules.

### C. The Relitigation Exception to the Anti-Injunction Act

Mr. Tift ultimately suffers no prejudice from his tardiness because the Court finds that the relitigation exception to the Anti-Injunction Act operates to prohibit Mr. Tift from pursuing his claims in state court.  Generally, the Anti-Injunction Act bars a federal court from enjoining state proceedings.  *See* 28 U.S.C. § 2283.  The rationale underlying the Anti-Injunction Act "rests on the fundamental constitutional independence of the States and their courts."  *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739 (1970).  However, the statutorily embedded relitigation exception to the Anti-Injunction Act permits a federal court to enjoin state proceedings when necessary to "*protect or effectuate its judgments*."  28 U.S.C. § 2283 (emphasis added); *see also Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1991) ("This [] exception to the Anti-Injunction Act is commonly referred to as the relitigation exception").  The exception "'allows federal courts to . . . protect the res judicata effect of their judgments and prevent the harassment of . . . federal litigants through repetitious litigation.'"  *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 847 (9th Cir. 2005) (citation omitted).

An essential prerequisite to enforce the relitigation exception is that "the claims or issues which the federal injunction insulates from litigation in state proceedings [must have] *actually have been decided by the federal court*."  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147-48, 108 S.Ct. 1684 (1988) (emphasis added); *Mitchum v. Foster*, 407 U.S. 225, 235, 92 S.Ct. 2151 (1972).  Moreover, the relitigation exception is "founded in the well-recognized concepts of res judicata and collateral estoppel."  *Choo*, 486 U.S. at 147.  A state proceeding may therefore be barred only when "it arises from the 'same transaction, or series of transactions' as the original action.  Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could be conveniently tried together."  *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)

MEMORANDUM ORDER
PAGE - 3

(quoting Restatement (Second) of Judgments § 24(1), (2)).  Rigorous application of the relitigation exception is required to ensure that the party being precluded by a prior resolution of a claim enjoys a full and fair opportunity to litigate their case.  *Sandpiper*, 428 F.3d at 848.

Here, the relitigation exception applies to prevent Mr. Tift from pursuing his state court claims against Mr. Ball and Mr. Carter for two reasons.  First, there is no doubt that this Court entered a final judgment when it granted Defendants' motion to dismiss.  (Dkt. #59).  Therefore this final judgment undermines Mr. Tift's argument that this Court lacks subject matter jurisdiction given his appeal of this Court's decision.  Mr. Tift indicates that "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal."  *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).  However, and as Mr. Ball correctly points out, the injunction Mr. Ball seeks is not an aspect of the case involved in the appeal.  This Court dismissed Mr. Tift's claim on the basis of res judicata, and Mr. Ball now moves for an injunction to prevent relitigation of identical claims brought by Mr. Tift in state court.  Indeed, it is well-settled that a district court retains jurisdiction over matters that have been appealed to enforce its judgment.  *See Lara v. Secretary of Interior of the United States*, 820 F.2d 1535, 1543 (9th Cir. 1987); *see also Matter of Thorp*, 665 F.2d 997, 998 (9th Cir. 1981) ("The district court is divested of authority to proceed further . . . except . . . *in aid of execution of a judgment*") (emphasis added).  A federal court ultimately has "inherent power to enforce its judgments," *Peacock v. Thomas*, 516 U.S. 349, 356, 116 S.Ct. 862 (1996), and "the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until *that judgment shall be satisfied*." *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187 (1868) (emphasis added).  Thus, it is clear that this Court possesses subject matter jurisdiction in this case.

Second, the principles of collateral estoppel operate to enjoin Mr. Tift's state court claims.  Collateral estoppel, also known as issue preclusion, applies to the instant motion because it operates to prohibit litigation of matters that have already been argued or decided. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988); *see also Peck v. C.I.R.*, 904 F.2d 525, 527 (9th Cir. 1990) ("The doctrine provides that 'once an issue is actually

litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation'") (citation omitted). The Ninth Circuit has established that collateral estoppel applies if (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated, (2) the first proceeding ended with a final judgment on the merits, and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005); *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

In the instant case, the elements of collateral estoppel have all been met.[4] First, the issues that Mr. Tift is pursuing in his two state court proceedings are identical to the issues already decided by this Court. For example, Mr. Tift's lawsuit against Mr. Ball in King County Superior Court alleges that Mr. Ball has "engaged in false misleading testimony to achieve a default judgment against Mr. Tift." (Dkt. #61, Decl. of Hutzenbiler, Ex. B, Pl.'s Compl. ¶ 9). Additionally, Mr. Tift's lawsuit against Mr. Carter in Snohomish County Superior Court alleges that Mr. Carter has "engaged in false misleading testimony to achieve a default judgment against Mr. Tift." (*Id.* Ex. D, Pl.'s Compl. ¶ 9). These claims are identical to the ones Mr. Tift brought in this Court, where he alleged the Defendants of "intentionally [making] false and deceptive representations . . . to induce this court to enter the order of default." (Dkt. #1, Pl.'s Compl., ¶ 17). Therefore, the issues are identical in all three courts.

Second, it is undisputable that this Court entered an Order dismissing Mr. Tift's claims. This Court determined that Mr. Tift could not pursue his false testimony claims against Mr. Ball and Robert Bohrer ("Mr. Bohrer"), both of whom represented the trusts that obtained a default judgment against Mr. Tift, based on the doctrine of res judicata. Thus, there was a final judgment on the merits.

---

[4] Notably, Mr. Tift does not contest the applicability of collateral estoppel in his response brief, choosing only to argue that this Court lacks subject matter jurisdiction.

1    Lastly, the parties in the state court proceedings are identical or in privity with the
2 parties in this proceeding. There is no dispute that Mr. Ball is a party in this Court, and is
3 likewise being sued by Mr. Tift in King County Superior Court. And although Mr. Carter is
4 not a party in this Court, he is in privity with the Defendants in this Court. Privity exists
5 where "a person so identified in interest with a party to [the] former litigation . . . represents
6 precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d
7 875, 881 (9th Cir. 1997) (citations omitted); *see also Nordhorn v. Ladish Co. Inc.*, 9 F.3d
8 1402, 1405 (9th Cir. 1993) (citations omitted) (finding that the Ninth Circuit has held that
9 "when two parties are so closely aligned in interest that one is the virtual representative of the
10 other, a claim . . . against one will serve to bar the same claim . . . against the other"). A close
11 relationship between the party and the nonparty supports a finding of virtual representation.
12 *See Irwin v. Mascott*, 970 F.3d 924, 929 (9th Cir. 2004). Moreover, privity can only be found
13 where the interests of the non-party were adequately represented in the earlier action. *See id.*
14 at 930.

15    Here, Mr. Carter was the former business representative for the trusts that obtained a
16 declaratory judgment against Mr. Tift in a prior lawsuit in this Court. (Dkt. #60, Decl. of
17 Carter, ¶ 1). In this capacity, there is no doubt that Mr. Carter had an interest in pursuing any
18 delinquent contributions owed to the trust by Mr. Tift. This is precisely the same interest
19 possessed by Mr. Ball, who was also a business representative of the trusts. Further, there is
20 equally no doubt that Mr. Carter's interests were adequately represented in this Court, as this
21 Court ultimately dismissed Mr. Tift's claims against Mr. Ball on the basis of res judicata.

22    Ultimately, Mr. Tift's claims in state court arise from the same transaction or series of
23 transactions as the claims that gave rise to the instant dispute. Accordingly, the relitigation
24 exception operates to stay the two Washington state court cases filed by Mr. Tift pending his
25 appeal to the Ninth Circuit of this Court's Order dismissing his claims. A stay, rather than a
26 complete prohibition, is the appropriate remedy in the instant case given Mr. Tift's appeal to
27 the Ninth Circuit. Furthermore, the purpose of the relitigation exception is clearly advanced
28 in this case where Mr. Tift seemingly refuses to be bound by the outcome of this Court's

MEMORANDUM ORDER
PAGE - 6

decision. The Court will not, however, take the premature step to grant Mr. Ball's request to permanently enjoin Mr. Tift from "further pursing claims in Washington state court for false testimony against Michael Ball and Odie Carter." (Dkt. #59 at 1). As evidenced by the plain language of the Anti-Injunction Act, a district court's authority to grant an injunction encompasses only proceedings currently pending in State court, and does not operate to permanently enjoin all future actions filed by a party. A prohibition of the filing of future actions is covered by the All Writs Act of 28 U.S.C. § 1651(a), which Defendants discussed in their motion filed with this Court on February 7, 2008. (Dkt. #65).

### III.  CONCLUSION

Having reviewed Defendant's motion, Plaintiff's response, Defendant's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1) "Defendant Ball's Motion to Enjoin Plaintiff's State Court Actions" (Dkt. #59) is GRANTED IN PART. Plaintiff's two lawsuits in Washington state court shall be STAYED pending Plaintiff's appeal to the Ninth Circuit. The Court declines to grant Defendant's request to permanently enjoin Plaintiff from pursuing further claims in state court.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and *pro se* Plaintiff at the following address: <u>40 Lake Bellevue, Suite 100, Bellevue, WA 98005</u>.

(3) The Clerk is also directed to forward a copy of this Order to the Clerk of the Court at King County Superior Court for Case No. 06-2-39490-9 SEA, and the Clerk of the Court at Snohomish County Superior Court for Case No. 06-2-13304-6 SNO.

DATED this 12th day of March, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE