UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL D. BALL, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C07-0276RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO RENEW MOTION TO DISQUALIFY |

　　　　This matter comes before the Court on "Defendants' Motion to Renew Docket No. 27 (Defendants' Motion to Disqualify Plaintiff's Counsel) or for an Order to Show Cause Why Plaintiff Should Not Be Sanctioned." (Dkt. #74). In this Court's Order dismissing Plaintiff Gregory Tift's ("Mr. Tift") claims on January 4, 2008, the Court simultaneously struck several pending motions as moot, including Defendants' Motion to Disqualify Plaintiff's Counsel. (Dkt. #57); (Dkt. #27). Defendants now renew this motion, and argue that Mr. Tift should be sanctioned because he has deliberately misrepresented his *pro se* status. Defendants specifically contend that the pleadings submitted by Mr. Tift have been drafted by an attorney, and further request that the attorney who has assisted Mr. Tift throughout this litigation be disqualified. Alternatively, Defendants argue that the Court should order Mr. Tift to show cause why he should not be sanctioned for his misrepresentations. Mr. Tift did not respond to Defendants' motion.

　　　　Having reviewed Defendants' motion, and the remainder of the record, the Court

ORDER
PAGE - 1

1  hereby finds and orders:

2      (1) "Defendants' Motion to Renew Docket No. 27 (Defendants' Motion to Disqualify
3  Plaintiff's Counsel) or for an Order to Show Cause Why Plaintiff Should Not Be Sanctioned"
4  (Dkt. #74) is DENIED. Initially, the Court addresses Mr. Tift's failure to respond to
5  Defendants' motion. Pursuant to Local Rule CR 7(b)(2), "[i]f a party fails to file papers in
6  opposition to a motion, such failure *may* be considered by the court as an admission that the
7  motion has merit." (emphasis added). In the instant case, Mr. Tift did not file a responsive
8  brief. Nevertheless, and for the reasons set forth below, the Court will not construe Mr. Tift's
9  silence as an admission, nor will it enter an Order in favor of Defendants' motion.

10      The Federal Rules of Civil Procedure require that every pleading shall be signed by
11  either an attorney or individual personally if he or she is unrepresented. *See* Fed. R. Civ. P.
12  11(a). This certification signifies that the attorney or *pro se* litigant is personally representing
13  to the Court that there are grounds to support the assertions made in the filing. *See* Fed. R.
14  Civ. P. 11(b); *see also Ricotta v. California*, 4 F.Supp.2d 961, 986 (S.D. Cal. 1988). It is
15  therefore a violation for attorneys to assist *pro se* litigants by preparing their briefs, and
16  thereby escape the obligations imposed on them under Rule 11. *See Ellis v. State of Maine*,
17  448 F.2d 1325, 1328 (1st Cir. 1971). Relatedly, federal courts have the inherent power to
18  sanction parties for improper conduct under Rule 11. *Fink v. Gomez*, 239 F.3d 989, 991 (9th
19  Cir. 2001). Federal courts also have the inherent power to levy sanctions where parties abuse
20  the litigation process. *See id.* For such an abuse to occur, the litigant must have engaged in
21  bad faith or willfully disobeyed a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32,
22  111 S.Ct. 2123 (1991).

23      Here, Defendants argue that sanctions upon Mr. Tift are appropriate because they
24  allege that Mr. Tift has had the assistance of counsel in preparing his briefs submitted to the
25  Court. Further, they allege that Mr. Tift is benefitting from the liberal standards given to *pro*
26  *se* plaintiffs. Defendants also contend that the attorney who assisted Mr. Tift should be
27  disqualified. To support their arguments, Defendants indicate that a review of Mr. Tift's
28  briefs show that his writing ability is clearly beyond the expertise of a layperson.

ORDER
PAGE - 2

1    However, all of Defendants' arguments are without merit because they offer no
2 objective evidence to justify the imposition of such sanctions. It is not the Court's duty to
3 speculate into Mr. Tift's writing or intellectual ability, or whether he obtained the assistance of
4 counsel in writing such briefs. Such bald assertions made by Defendants, without objective
5 evidence in support thereof, cannot be taken as true by the Court.  In addition, while the
6 Court has certainly been lenient to Mr. Tift in refusing to strike briefs when they were late, or
7 allowing Mr. Tift additional time to file voluminous documents with the Court, Defendants
8 have ultimately suffered no prejudice from the Court's leniency. This Court has ruled in favor
9 of Defendants on every motion submitted by them on the merits, and therefore any leniency
10 given to Mr. Tift has been erased by the ultimate outcome of those motions.

11    Lastly, the Court finds that ordering Mr. Tift to show cause as to why he should not
12 be sanctioned is unnecessary. Mr. Tift has already filed declarations of both himself and from
13 the attorney who Defendants allege assisted Mr. Tift. Both declarations state that no such
14 assistance was given. (Dkt. #40 at 3-7). Therefore it would be repetitive for the Court to
15 require Mr. Tift to show cause when he effectively has already done so. Thus, Defendants'
16 alternative argument is unpersuasive.

17    (2) The Clerk is directed to forward a copy of this Order to all counsel of record and
18 *pro se* Plaintiff at the following address: <u>40 Lake Bellevue, Suite 100, Bellevue, WA 98005</u>.

20    DATED this 12th day of March, 2008.

                                    RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE