UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY S. TIFT,

          Plaintiff,

     v.

MICHAEL D. BALL, *et al.*,

          Defendants.

CASE NO. C07-0276RSM

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR
ORDER RESTRICTING FILING OF
FUTURE ACTIONS

## I.  INTRODUCTION

This matter comes before the Court on "Defendants' Motion for Order Restricting Filing of Future Actions."  (Dkt. #65).  Defendants move the Court, pursuant to the All Writs Act, to enter an injunction restricting Plaintiff Gregory Tift ("Mr. Tift") from filing any further actions in federal or state court that are related to the instant lawsuit.  Mr. Tift, appearing *pro se*, responds that this Court lacks subject matter jurisdiction to rule on Defendants' motion because he has filed an appeal of an underlying Order entered into by this Court granting Defendants' motion to dismiss.  Alternatively, Mr. Tift argues that an evidentiary hearing is required in order for the Court to rule on the instant motion.

For the reasons set forth below, "Defendants' Motion for Order Restricting Filing of Future Actions" is GRANTED IN PART.

MEMORANDUM ORDER
PAGE - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.  DISCUSSION

### A.     Background

On January 4, 2008, this Court granted Defendants' motion to dismiss on the grounds that Mr. Tift's claims were barred by the doctrine of res judicata.  (Dkt. #57).[1]  Mr. Tift subsequently appealed this Court's decision to the Ninth Circuit on February 1, 2008.  (Dkt. #62).  Shortly thereafter, Mr. Tift also filed a lawsuit in this district court on February 20, 2008, against various Unions, Union officials, and attorneys representing the Unions, all of whom are associated with the Defendants in the case that this Court dismissed on January 4, 2008.[2]  Defendants also indicate that Mr. Tift has previously filed three state court proceedings that are related to the instant lawsuit, and that Mr. Tift has clearly stated his intention to continue filing lawsuits against Defendants, and those associated with the Defendants.  (Dkt. #65 at 4-5).  Consequently, Defendants argue that this Court must enter a pre-filing order pursuant to the All Writs Act to prevent Mr. Tift from further abusing the judicial process.

### B.     The All Writs Act

The All Writs Act expressly states that district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Ninth Circuit has interpreted this statute to provide "district courts with the inherent power to enter pre-filing orders against vexatious litigants."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a) [], enjoining litigants with abusive and lengthy histories is one such form of

---

[1] The facts that gave rise to the motion to dismiss were previously discussed by the Court in its Order dismissing Mr. Tift's claims.  Accordingly, the Court finds it unnecessary to repeat those facts in this Order.

[2] This lawsuit is styled *Tift v. Painters & Allied Trades District Council No. 5 of the Int'l Union Painters and Allied Trades AFL-COP-CLC, et al.*, and is currently pending before the Honorable Benjamin H. Settle.  *See* C08-0290BHS.

MEMORANDUM ORDER
PAGE - 2

1    restriction that the district court may take"). Therefore district courts clearly have jurisdiction

2    "'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under

3    the appropriate circumstances.'" *Id.* at 1147 (quoting *Tripati v. Beaman*, 878 F.2d 351, 352

4    (10th Cir. 1989)). As a result, Mr. Tift's argument that this Court lacks subject matter

5    jurisdiction simply because he has appealed this Court's Order dismissing his claims is without

6    merit.

7         The Court recognizes, however, that "such pre-filing orders are an extreme remedy

8    that should rarely be used." *Molski*, 500 F.3d at 1057 (citation omitted). Courts are well-

9    advised against entering such pre-filing orders because this sanction "can tread on a litigant's

10   due process right of access to the courts." *Id.* (citation omitted). Moreover, the Ninth Circuit

11   has outlined four factors for district courts to examine before entering pre-filing orders. *See*

12   *De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057. First, a litigant must be provided

13   with an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147.

14   Second, the district court must create an adequate record for review. *Id.* Third, the district

15   court must make substantive findings as to the frivolousness or harassing nature of the

16   litigant's actions. *Id.* at 1148. Lastly, the order must be narrowly tailored to closely fit the

17   specific vice encountered. *Id.* Accordingly, the Court discusses these four factors below.

18              **1.    Notice**

19         "'Due process requires notice and an opportunity to be heard.'" *De Long*, 912 F.2d at

20   1147 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C.Cir. 1988)). An individual has fair notice

21   of the possibility that he might be declared a vexatious litigant where defendants file a motion

22   to that end. *Molski*, 500 F.3d at 1058. However, an opportunity to be heard does not require

23   an oral or evidentiary hearing on the issue. *Pac. Harbor Capital, Inc. v. Carnival Air Lines,*

24   *Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Instead, "[t]he opportunity to brief the issue fully

25   satisfies due process requirements." *Id.* (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d

26   262, 268 (10th Cir. 1995)).

27         Here, there can be no dispute that the notice requirements set forth in *De Long* were

28   met. Defendants have filed this motion in this Court, and Mr. Tift was given the opportunity

MEMORANDUM ORDER
PAGE - 3

1    to brief this issue fully.  (Dkt. #75).  Thus, Mr. Tift has been given the opportunity to be heard

2    that he may be declared a vexatious litigant, and any due process concerns have been

3    ameliorated.

### 2.    Adequate Record for Review

5            "An adequate record for review should include a listing of all the cases and motions

6    that [leads] the district court to conclude that a vexatious litigant order [is] needed." *De*

7    *Long*, 912 F.2d at 1147 (citing *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir.

8    1984)).  At a minimum, the record needs to show, in some manner, that the litigant's activities

9    are numerous or abusive.  *De Long*, 912 F.2d at 1147.

10           In the instant case, Mr. Tift's litigious history began when certain trusts filed suit

11   against him for delinquent payments.  While Mr. Tift was not the one who initiated the

12   litigation, he filed three subsequent motions for reconsideration after the Court entered a

13   default judgment against him.  *See Employee Painters' Trust, et al. v. Ethan Enterprises et*

14   *al.*, C03-2904RSM.  Each motion was denied, and Mr. Tift appealed to the Ninth Circuit.

15   The Ninth Circuit affirmed this Court's judgment.  *See Employee Painters' Trust v. Ethan*

16   *Enterprises, Inc.*, 480 F.3d 993 (9th Cir. 2007).

17           Mr. Tift subsequently initiated the instant lawsuit against Michael D. Ball ("Mr. Ball")

18   and Robert A. Bohrer ("Mr. Bohrer"), alleging that Mr. Ball and Mr. Bohrer intentionally

19   made false and deceptive representations in their declarations to this Court in obtaining the

20   default judgments against Mr. Tift.  (Dkt. #1, Pl.'s Compl. ¶ 17).  This Court proceeded to

21   dismiss Mr. Tift's complaint on the basis of res judicata.  (Dkt. #57).  Meanwhile, Mr. Tift

22   also filed three separate state court actions against Union officials who represented the

23   underlying trusts and provided favorable testimony for the trusts.[3]  This Court has ruled that

24   those state court proceedings must be stayed pending Mr. Tift's appeal to the Ninth Circuit

25   _____

26           [3] The Washington State Court actions are: (1) *Tift v. Carter*, No. 06-2-13304-6 SNO filed in
     Snohomish County Superior Court; (2) *Tift v. Ball*, No. 06-2-39490-9 SEA filed in King County Superior
27   Court; and *Tift v. Lindquist*, No. 06-2-39483-6 SEA, in King County Superior Court.  (Dkt. #65 at 3);
     (Dkt. #83 at 3).
28

MEMORANDUM ORDER
PAGE - 4

1   pursuant to the relitigation exception of the Anti-Injunction Act. (Dkt. #78). In addition, Mr.

2   Tift recently filed a lawsuit in this district court against various Unions, Union officials, and

3   attorneys representing the Unions, all of whom are associated with the underlying trust fund

4   litigation. The cases and motions filed by Mr. Tift are summarized by the two tables below:

### Motions Filed by Mr. Tift

| Case | Motion | Disposition |
|------|--------|-------------|
| *Employee Painters' Trust, et al. v. Ethan Enterprises et al.*, C03-2904RSM | Motion to Set Aside Default Judgment (Dkt. #45) | Denied (Dkt. #52) |
| *Employee Painters' Trust, et al. v. Ethan Enterprises et al.*, C03-2904RSM | Motion for Reconsideration on Order Denying Motion to Set Aside Default Judgment (Dkt. #53) | Denied (Dkt. #57) |
| *Employee Painters' Trust, et al. v. Ethan Enterprises et al.*, C03-2904RSM | Motion for Relief Based on Excusable Neglect and Misrepresentation (Dkt. #54) | Denied (Dkt. #57) |

### Cases Filed by Mr. Tift

| Parties | Cause No. | Disposition |
|---------|-----------|-------------|
| *Employee Painters' Trust v. Ethan Enterprises, Inc.,* | C05-35270 | Ninth Circuit affirmed this Court's Order entering default judgment - *See* 480 F.3d 993 (9th Cir. 2007) |
| *Tift v. Ball, et. al.* | C07-276 RSM | Dismissed by Order granting Defendants' Motion to Dismiss (Dkt. #57) |
| *Tift v. Carter* | No. 06-2-13304-6 SNO | Stayed per this Court's Order in C07-276RSM (Dkt. #78) |
| *Tift v. Ball* | No. 06-2-39490-9 SEA | Stayed per this Court's Order C07-276RSM (Dkt. #78) |
| *Tift v. Lindquist* | No. 06-2-39483-6 SEA | Dismissed by King County Superior Court on April 10, 2008 (Dkt. #83 at 4) |
| *Tift v. Painters & Allied Trades, et. al.* | C08-290BHS | Pending |

    Furthermore, while courts are more likely to make a finding of numerosity where a

substantial number of cases have been filed, *see, e.g., Wood v. Santa Barbara Chamber of

Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (35 complaints filed), there is no

MEMORANDUM ORDER
PAGE - 5

1    threshold amount of cases or motions a litigant must file in order for a court to enter an order

2    restricting his ability to file. *See, e.g., Clinton v. United States*, 297 F.2d 899, 900 (9th Cir.

3    1961) (issuing an injunction against relitigation based only on two previous attempts to litigate

4    exactly the same claim). Consequently, the Court finds ample evidence that Mr. Tift's

5    litigious history has been, at a minimum, numerous.

6                  **3.     Frivolous or Harassing Nature of Litigant's Actions**

7         Before a district court issues a pre-filing injunction, "it is incumbent on the court to

8    make 'substantive findings as to the frivolousness *or* harassing nature of the litigant's

9    actions.'" *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d at 431) (emphasis added).

10    With respect to frivolousness, a district court must "look at 'both the number and content of

11    the filings as indicia' of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148

12    (quoting *Powell*, 851 F.2d at 431). "'An injunction cannot issue merely upon a showing of

13    litigiousness. The plaintiff's claims must not only be numerous, but also patently without

14    merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir.

15    1990)). Alternatively, a pattern of harassment is sufficient to justify the issuance of a pre-

16    filing order. *De Long*, 912 F.2d at 1148; *see also Scott v. Weinberg*, 2007 WL 963990, *4

17    (W.D. Wash. 2007) (recognizing that a pattern of harassment warrants entry of a pre-filing

18    restriction). "The district judge needs to 'discern whether the filing of several similar types of

19    actions constitutes an intent to harass the defendant or the court.'" *De Long*, 912 F.2d at 1148

20    (quoting *Powell*, 851 F.2d at 431).

21         In the instant case, notwithstanding whether Mr. Tift's claims have been frivolous, the

22    Court finds that there is sufficient evidence in the record to establish that Mr. Tift has engaged

23    in a pattern of harassment. Not only has Mr. Tift filed the instant case, three separate state

24    court cases, and a subsequent federal court case against individuals and Unions all associated

25    with the underlying trust fund litigation, Mr. Tift has also filed bar complaints against two

26    attorneys who are representing the Defendants in the instant case. (Dkt. #66, Aff. of Bohrer,

27    ¶¶ 3, 4, Exs. A, B, C, and D). Notably, all three bar complaints have been dismissed. (*Id.*).

28    In addition, Mr. Tift has indicated that he will continually file lawsuits against the Union,

MEMORANDUM ORDER

PAGE - 6

1   individuals representing the Union, and the attorneys associated with this case.  Mr. Tift left

2   voicemails to the attorneys in the instant action to that effect.  A voicemail left on January 18,

3   2008 provides in pertinent part:

4       Mr. Robblee, this is Greg Tift, and this is going to be the most cordial phone call you
        are going to get from me in the future . . . *I swear to God I will work 24 hours a day,*
5       *24/7.  I will continue to sue the union.  I will go after the trust.*  I will go after every
        goddamn one of you as long as you are attempting to get my girlfriend, who has done
6       nothing to you [expletive] people . . . We are done, and you can play this to that
        [expletive] Martinez, as well, because that cocksucker is as corrupt as you
7       [expletives].  Goddamn you.  I will not rest until I beat your [expletive] union asses
        down.  Goodbye. [Expletive].

8   (Dkt. #70, Decl. of Simmons) (emphasis added).

9       Mr. Tift left a subsequent voicemail three days later, indicating that he was apologetic

10  about the first voicemail, but nevertheless affirming his intention to sue.  This voicemail

11  provides in pertinent part:

12      My message was probably not the most eloquent message . . . [s]o, first of all, I am
13      deeply sorry for my poor language . . . I am only retaliating and fighting with vigor and
        tenacism because of that.  I believe that your clients lied.  I believe that Judge Martinez
14      gave me an extremely unfair ruling, and quite frankly, sometimes we have to live with
        things that happen, but I can't allow you to quite frankly hurt my family any longer,
15      hurt my children. So it's gotta stop.  The trust needs to make a deal.  *Otherwise, it's*
        *just gonna go on forever.  It's just that you must know by now that I'm not the kind of*
16      *person that's going to just give up and roll over.*

17  (*Id.*) (emphasis added).

18      Mr. Tift also left a message on January 31, 2008 for Mike Cassidy ("Mr. Cassidy"), a

19  trustee for one of the trusts that obtained a default judgment against Mr. Tift.  (Dkt. #68, Aff.

20  of Cassidy at 2).  In this message, Mr. Tift clearly indicates to Mr. Cassidy of his intention to

21  continue filing lawsuits.  The voicemail provides in pertinent part:

22      I still maintain that I do not owe the Union a million dollars . . . And whatever your
23      Union lawyers are telling you, is a complete utter mistruth lie . . . I would appreciate it
        if the Union would just stop their Union thugary and take the protection money
24      because you are hurting a lot of people.  *Now I'm about to file some more lawsuits*
        *against the Trust and every member of the Trust and all of the attorneys of the Trust.*
25      *And I will continue to do that until this is resolved.*

26  (*Id.* at 4) (emphasis added).

27      Based on this evidence, the Court finds that Mr. Tift's conduct both in and out of

28  court establish a pattern of harassment.  Mr. Tift has shown no indication that he will stop

MEMORANDUM ORDER
PAGE - 7

1    filing lawsuits, and he has shown that he is ultimately the type of litigant who intends to

2    "harass the defendant or the court.'" *See De Long*, 912 F.2d at 1148. Therefore the nature of

3    Mr. Tift's actions clearly support an entry of a pre-filing order restricting his ability to file.

4                    **4.      Breadth of Order**

5            Where a court enters a pre-filing order, the order must be narrowly tailored to closely

6    fit the specific vice encountered. *De Long*, 912 F.2d at 1148. "Narrowly tailored orders are

7    needed 'to prevent infringement on the litigator's right of access to the courts.'" *Id.* (quoting

8    *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the

9    plaintiff's specific practices. *See, e.g., Wood*, 705 F.2d at 1525 (finding that the injunction

10   must describe in reasonable detail the act or acts sought to be restrained). Here, the Court

11   finds that the proposed order submitted by Defendants is narrowly tailored to restrict Mr.

12   Tift's actions that arise from the underlying trust fund litigation. Accordingly, the Court

13   incorporates the majority of the proposed language in the "Conclusion" section below.

14            **C.      Restriction of State Court Filings**

15           Defendants also argue that the All Writs Act permits the Court to prohibit Mr. Tift's

16   ability to file state court actions that are related to the instant lawsuit. Importantly, the All

17   Writs Act is not a grant of jurisdiction itself. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th

18   Cir. 1999); *Stafford v. Superior Ct.*, 272 F.2d 407, 409 (9th Cir. 1959) ("The All Writs Act . . .

19   does not operate to confer jurisdiction . . . since it may be invoked by a district court only in

20   aid of jurisdiction which it already has."). "Rather, it is designed to aid the courts in the

21   exercise of their jurisdiction." *Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993) (citation

22   omitted). Therefore this Court can only enjoin Mr. Tift from filing future state court claims if

23   it acquired the jurisdiction to do so from some independent source in law. *See Doe v.*

24   *Immigration and Naturalization Serv.*, 120 F.3d 200, 204-05 (9th Cir. 1997).

25           In the instant case, the Court finds that no such independent authority exists. While the

26   relitigation exception of the Anti-Injunction Act potentially provides this Court with

27   jurisdiction as it permits a federal court to enjoin state proceedings when necessary to "protect

28   or effectuate its judgments," 28 U.S.C. § 2283, it very clearly does not operate to bar suits that

MEMORANDUM ORDER
PAGE - 8

1   have not yet been filed in state court.  *See Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2, 85

2   S.Ct. 1116 (1965) (noting that "[28 U.S.C. § 2283] and its predecessors *do not preclude*

3   *injunctions against the institution of state court proceedings*, but only bars stays of suits

4   already instituted.") (emphasis added); *see also Retirement Systems of Ala. v. J.P. Morgan*

5   *Chase & Co.*, 386 F.3d 419, 427 n.6 (2d. Cir. 2004) ("The Anti-Injunction Act does not apply

6   where . . . *a state court action has not yet been filed*.") (emphasis added).  As a result, the

7   Court does not have any independent jurisdiction that justifies the restriction of Mr. Tift's

8   ability to file future actions in Washington State Court.  In any event, Defendants do not cite to

9   any authority that establishes such independent jurisdiction.

10          **D.     Evidentiary Hearing**

11          Lastly, the Court addresses Mr. Tift's argument that an evidentiary hearing must take

12   place before the Court can enter a pre-filing order restricting his filing activities.  Specifically,

13   Mr. Tift argues that whether he is a vexatious litigant is an issue of fact which requires proof

14   that he has engaged in "vexatious" behavior.  However, an evidentiary hearing is unnecessary

15   where there are no disputed facts.  *See, e.g., Doi v. Halekulani*, 276 F.3d 1131, 1139 (9th Cir.

16   2002) (finding no need for an evidentiary hearing where there was no disagreement over

17   whether an agreement existed and what its terms were); *see also Sameena Inc. v. U.S. Air*

18   *Force*, 147 F.3d 1148, 1154 (9th Cir. 1998) (finding that only where there is a genuine factual

19   dispute should an evidentiary hearing be necessary).  And as indicated above, an opportunity to

20   be heard does not require an oral or evidentiary hearing on the issue.  *Pac. Harbor Capital*,

21   210 F.3d at 1118.  Instead, "[t]he opportunity to brief the issue fully satisfies due process

22   requirements."  *Id.* (citing *Resolution Trust*, 73 F.3d at 268).

23          Mr. Tift was given the opportunity to refute the statements made by the Defendants in

24   this case, including the affidavits and declarations which establish Mr. Tift's harassing behavior.

25   However, Mr. Tift did not choose to contradict any of the facts set forth by Defendants in his

26   responsive brief.  Consequently, there are no factual disputes for the Court to resolve and an

27   evidentiary hearing would serve no purpose in the instant case.

28          Overall, the pre-filing restriction upon Mr. Tift is necessary because it is consistent with

MEMORANDUM ORDER
PAGE - 9

1  this Court's obligation to conserve judicial resources. *See O'Loughlin v. Doe*, 920 F.2d 614,

2  618 (9th Cir. 1990) ("While district courts may not restrict filings in an overly broad manner . .

3  . they also bear an affirmative obligation to ensure that judicial resources are not needlessly

4  squandered on repeated attempts by litigants to misuse the courts"). "Frivolous and harassing

5  claims crowd out legitimate ones and need not be tolerated by the district courts." *Id.* This is

6  particularly the case here, where Mr. Tift seemingly refuses to be bound by decisions made by

7  this Court and the Ninth Circuit. And as further evidenced by Mr. Tift's conduct towards

8  individuals associated with the underlying trust fund litigation, Mr. Tift has stated no intention

9  of stopping such behavior. Under these circumstances, the proper remedy is to prevent Mr.

10  Tift from further abusing the judicial system and its resources.

## III.  CONCLUSION

12  Having reviewed Defendants' motion, Plaintiff's response, Defendants' reply, the

13  declarations and exhibits attached thereto, and the remainder of the record, the Court hereby

14  finds and orders:

15  (1) "Defendants' Motion for Order Restricting Filing of Future Actions" is (Dkt. #65)

16  GRANTED IN PART. Specifically, Gregory Tift is hereinafter declared a vexatious litigant in

17  this district, and is restricted from filing:

18          (a)  any claim in the Western District of Washington

19          (b)  against:

20                  (i)  Employee Painters' Trust Health & Welfare Fund, the Resilient

21                       Floorcovering Pension Fund, the Western Washington

22                       Floorcovering Apprenticeship Fund, the Western Washington

23                       Floorcovering Industry Promotion Fund, or Rebound

24                       (collectively the "Trust Funds"), and/or other entities to which

25                       Ethan Enterprises was required to contribute or remit monies to,

26                       that were concerned in earlier litigation with Mr. Tift, or any

27                       present of former trustee, agent, attorney or service provider to

28                       any such Trust Fund; or

(ii)   District Council No. 5 of the International Union of Painters and Allied Trades and/or its affiliate labor organizations ("Unions"), or their present and former officers, employees, agents, and attorneys; or

(iii)  any individual who has provided testimony by affidavit or otherwise in a lawsuit to which Mr. Tift was a party

(c)   relating to

(i)    claims or defenses made or which could have been made in *Employee Painters Trust v. Ethan Enterprises, et al*, Case No. 03-2904RSM (W.D. Wash.) ("Tift I"), collection actions arising from the judgment entered in Tift I, or this action ("Tift II"), including the claims of false testimony, conspiracy, or racketeering;

(ii)   the presentation of evidence or the representations made by the attorneys for the Trust Funds in Tift I to this Court, or in any collection action arising from the judgment entered in Tift I or Tift II; or

(iii)  the conduct of the Unions insofar as it relates to the Union's assistance to the Trust Funds, its representation of employees employed by Tift & Young Enterprises or Ethan Enterprises, or its administration of the collective bargaining agreement with Tift & Young Enterprises or Ethan Enterprises.

(2)  There is no mechanism this Court can employ to ensure that each and every Washington State Court is advised of this Order.  Nor have Defendants provided this Court with any authority which justifies extending the scope of this Order to every claim brought by Gregory Tift in every jurisdiction.  Therefore the scope of this Order is limited only to future actions filed by Gregory Tift in this district and will not be extended to apply to actions that Gregory Tift may potentially file in Washington State Court.

MEMORANDUM ORDER
PAGE - 11

1      (3)  Should Gregory Tift proceed to initiate any *future claims* in this district, each filing

2  shall be accompanied by a statement entitled, "Rule 11 Certification."  The certification shall

3  provide the factual and legal basis for the claim, and the reasons for why it falls outside the

4  scope of this Order.

5      (4)  The Clerk is directed to docket any *future claims* by Gregory Tift made in this

6  district within this case number, C07-276RSM, for review by the undersigned judge consistent

7  with the pre-filing restrictions of this Order.  However, the Clerk SHALL NOT docket any

8  *future filings* made by Gregory Tift in his pending lawsuit before the Honorable Benjamin H.

9  Settle, C08-290BHS, within this case number.  Defendants moved to restrict Gregory Tift's

10  ability to file *future claims*, and Gregory Tift filed the pending lawsuit before Judge Settle prior

11  to the entry of this Order.

12      (5)  The Clerk is directed to forward a copy of this Order to all counsel of record and

13  *pro se* Plaintiff at the following address:  40 Lake Bellevue, Suite 100, Bellevue, WA 98005.

15      DATED this 16th day of May, 2008.

17  RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE

MEMORANDUM ORDER
PAGE - 12